E. D. TARBOX & BRO. v. T. L. HARTENSTEIN.

1. CONTRACTS, FOR SERVICES. *Weekly payments. How construed.* A contract containing the following agreement "to pay a watchmaker $25 per week from the date of his commencement in our employ until the expiration of the year 1870, meaning, of course, only to pay him for the time he serves us," is held to be an entire contract to work for the balance of the year, the reservation of weekly wages being only a mode of payment.

Authority cited: Adison on Contracts, page 431.

2. SAME. *Same. Res adjudicata. Injunction. Chancery jurisdiction.* And where the employee, under such a contract, no longer remaining in his service, sues his employer for one week's wages before a Magistrate, and recovers, and threatens to sue each week as his wages shall fall due, the Court say: "There was but one breach, and the recovery in the first suit before the Magistrate was an adjudication and recovery for such breach, and concluded the employee from another recovery for the same cause of action. The Court of Chancery clearly had jurisdiction of the case, in order to prevent harrassing and vexatious, as well as continued and repeated, threatened litigation by injunction.

Authority cited: Bispham's Pr. of Eq., 415.

FROM DAVIDSON.

Appeal from the Chancery Court. E. H. EAST, Chancellor.

LAWRENCE & PEABODY for Tarbox & Bro.

No brief for Hartenstein.

FREEMAN, J., delivered the opinion of the Court

Complainants were watchmakers and jewelers in the

Tarbox *v.* Hartenstein.

City of Nashville. They employed defendant as a watchmaker, jobber, and repairer of watches in their shop for the balance of the year 1870, on condition of faithful performance of his duties in the capacity in which he was employed. It is stipulated by the terms of the contract that the parties are to pay defendant " $25 per week from the date of his commencement in our employ until the expiration of the year 1870." It is added, " meaning of course only to pay him for the time he serves us."

Defendant was regularly paid his wages up to October. 1, 1870, when complainants, alleging failure to perform his stipulated duties, discharged defendant. In a week or two after this, defendant brought suit before a magistrate, and recovered, for breach of contract on the part of complainants, $25, which was paid, as complainants allege, rather than be engaged in litigation. Soon after another suit was commenced before a different Magistrate, and judgment had for another week's wages, which judgment was appealed from, and then a third suit for another week's wages was commenced, the defendant announcing his purpose to bring a suit every week for the $25 weekly wages. Thereupon, this bill was filed, alleging the above facts, and praying an injunction against this harassing litigation, which was granted.

On the hearing the Chancellor decreed in favor of complainant, granting a perpetual injunction against the pending suits, and bringing future ones on the subject matter.

In this the Chancellor was clearly correct on both grounds assumed in the decree.

First. That the contract was an entire contract to work for the balance of the year, the reservation of weekly wages being regarded merely as a mode of payment, and not as an indication of the duration of the contract.    See Addison on Cont., p. 431.

Assuming that the complainants had broken their contract; there was but one· breach, and the recovery in the first suit before the Magistrate was an adjudication and recovery for such breach, and concluded defendant from another recovery for the same cause of action.

The Court of Chancery clearly had jurisdiction of the case, ·in order to prevent harassing and vexatious, as well as continued and repeated, threatened litigation. According to the view of defendant, twelve petty, but annoying, yet unfounded suits were to be brought against complainants, the expense of which might have been equal to or more than the amount claimed by defendant.    Bispham's Pr. of Eq., 415.

Let the decree of the Chancellor be affirmed with costs.